```
                UNITED STATES BANKRUPTCY COURT
              FOR THE NORTHERN DISTRICT OF IOWA
```

IN RE:

SCOTT A. VASKE and                                Chapter 7
STEPHANIE M. VASKE

    Debtors.                              Bankruptcy No. 04-02500F


ORDER RE:
MOTION TO AVOID LIEN;
<u>OBJECTION TO REOPENING OF CASE</u>

On December 21, 2005, Scott and Stephanie Vaske obtained an order reopening their chapter 7 case. They have now filed a motion to avoid the lien held by Security State Bank in machinery and equipment used in their farming operation. Security State Bank objects to the motion to avoid lien and also to the motion to reopen. Hearing was held on March 14, 2006 in Mason City. Eldon J. Winkel appeared as attorney for Vaskes. Todd A. Stowater appeared as attorney for Security State Bank (hereinafter "BANK"). This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

Vaskes filed their chapter 7 petition on June 28, 2004. In their schedules they listed and valued the following personal property as farm equipment and implements:

```
        1370 Case tractor                  5,000.00
        16' livestock trailer                800.00
        two spreaders                        100.00
        25' gooseneck flatbed trailer      3,000.00
        three hayracks                     1,500.00
        four wagons                          400.00
        47 IH baler                          100.00
        four-row IH planter                  100.00
        six bottom IH plow                   150.00
```

```
          bale elevator                              700.00
          26' Brady field cultivator                 150.00
          chisel plow                                100.00
          cut conditioner                            200.00
          hand tools                               3,500.00
          JD 350 manure spreader                     800.00
          JD 70 skid loader                        2,500.00
```

Schedule B-31 (doc. 1).

 The aggregate value of these items was $19,100.00. Vaskes list all of these items as jointly owned.  In their schedule C, they claimed as exempt only the 1370 Case tractor and the four-row IH planter.

 On August 18, 2004, Vaskes amended their schedule C to claim all their farm equipment and implements exempt under Iowa Code § 627.6(11) (doc. 7).  They served the amendment on all parties-in-interest.  Also on August 18, they filed a motion to avoid the fixing of liens against the equipment by BANK and by Farm Credit Services (doc. 8).  The lienholders were served with the motion and with notice of the time period for objecting to the motion.  Neither filed an objection.

 No party objected to the amended claim of exemption of the equipment, and the time for objecting expired.  The order granting Vaskes' discharges entered October 20, 2004.

 Notwithstanding the lienholders' failures to object, the court issued an order which concluded that the motion to avoid lien failed to state a claim on which relief could be granted. The order gave Vaskes to and including November 5, 2004 to amend their motion or the motion, as filed, would be denied (doc. 13).  When Vaskes failed to amend, the court denied the

motion without prejudice (doc. 14).  On November 17, 2004, the court issued its final decree, and the case was closed (doc. 16).

On December 21, 2005, Vaskes filed their motion to reopen the case so that they might refile their motion to avoid the liens of BANK and Farm Credit Services (doc. 18).  Pursuant to the normal procedure of the court, the case was reopened on December 21 without notice or hearing (doc. 19).

Vaskes filed their motion to avoid lien on December 28, 2005.  They seek to avoid the fixing of the nonpossessory, nonpurchase-money liens held by BANK and Farm Credit Services in the farm equipment and implements claimed by them as exempt (doc. 23).  Farm Credit Services did not object to either motion.  BANK objects to the reopening of the case and to the motion to avoid lien (docs. 25 and 26, respectively).

BANK objects to the reopening of the case.  The court has already issued its order in that regard.  BANK contends that the case should not be reopened because the remedy sought by Vaskes should be barred by the doctrine of laches.

Section 350(b) of the Bankruptcy Code (Title 11, United States Code) provides that a "case may be reopened ... to accord relief to the debtor, or for other cause."  The statute sets no time limit for the motion.  A decision to reopen is within the broad discretion of the bankruptcy court.  Matter of Bianucci, 4 F.3d 526, 528 (7th Cir. 1993).  I recognize that courts have denied motions to reopen cases where permitting

the delayed filing of a lien avoidance motion would prejudice the lienholder. See id. (citing cases). However, this court prefers to reopen the case, and then to consider prejudice to the creditor or debtor's laches in determining whether to grant a lien avoidance motion. I treat BANK's objection to the motion to reopen as a motion asking for relief from the court's order reopening the case. The motion will be denied.

At this juncture, BANK does not dispute that the property subject to its lien is farm equipment used by debtors in their farming operation, that they are farmers, and that the property is exempt under Iowa Code § 627.6(11). BANK does not contest the value of the equipment. Further, BANK concedes that if the motion had been timely filed, prior to the closing of the case, they likely would have been unsuccessful in challenging the motion. BANK agrees that the only issues before the court is whether they are prejudiced by Vaskes' delay in filing the motion and whether laches bars the remedy sought by Vaskes.

Eldon Winkel, Vaskes' attorney, stated to the court, under oath, that the reason he did not amend the original motion before the case closed was because he misunderstood Vaskes' situation. He did not know the Vaskes well, and he mistakenly believed they had ceased farming. He stated he had filed many bankruptcies in the autumn of 2004 for persons who were not regular clients. Because of the number of cases and because he was not familiar with all of the debtors' affairs,

he confused some clients' situations with others.  He immediately moved to reopen the case and avoid the lien when he received a letter from BANK's attorney asking for a turnover of the equipment.

   BANK took no action to recover the equipment for a period of more than a year after the entry of Vaskes' discharges.  It was upon the entry of the discharge order that BANK could have proceeded against the farm equipment without obtaining relief from the automatic stay.  The only effort made to recover the equipment was the letter to Winkel in November 2005.  BANK filed no civil action to foreclose its lien or to obtain replevin of the equipment.  I find that BANK has not been prejudiced by Vaskes' delay in reopening the estate or filing their lien avoidance motion.

   This court determined more than 20 years ago that a debtor may file a lien avoidance motion after debtor has received a discharge if the debtor's failure to act more promptly was with good cause and the creditor was not prejudiced by the delay. Towns v. Postal Finance Co. (In re Towns), 16 B.R. 949, 955 (Bankr. N.D. Iowa 1982)(Thinnes, J.).  The court stated that if debtor "does not exercise his rights prior to the discharge ... he will run the risk of prejudicing the secured creditor and subjecting himself to a defense of laches upon the bringing of a complaint to avoid the lien."  Id.  The court stated further that

> [t]o deny relief to the debtor, the record should
> show (1) a failure by the debtor to act promptly in

>    asserting his rights under § 522(f) without good
>    cause therefor; (2) reliance by the creditor on the
>    debtor's failure to assert his rights and an
>    assertion by the creditor of his rights against the
>    property based on such reliance; and (3) a creditor
>    who is acting, and has acted, in good faith.

Id. To deny relief to the debtor under such a standard, the court may deny the motion to reopen the case.

In 1987, the court, in an unpublished decision, overruled the Towns decision to the extent that it prohibits the filing of a section 522(f) lien avoidance motion in response to a replevin action by the creditor. In re Nagel, Bankr. No. 86-02423, slip op. at 9 (Bankr. N.D. Iowa Nov. 23, 1987)(Melloy, J.). The court determined that it could grant relief to the debtor, but it conditioned that relief on debtor's cure of any prejudice caused by delay or by the actions of the creditor to recover its collateral in reliance on debtor's failure to promptly file the lien avoidance motion. Id. at 6-7 (adopting approach of Noble v. Yingling, 37 B.R. 647 (D. Del. 1984); see also In re Cummings, 172 B.R. 268, 271 (Bankr. W.D. Ark. 1994)(prejudice to creditor could be cured).

BANK has made no attempt to foreclose its security interest or to recover the collateral by a replevin action. Passage of time alone does not amount to prejudice. Matter of Bianucci, 4 F.3d 526, 528 (7th Cir. 1993).

Despite the fact that approximately 13 months passed from the closing of the case to the filing of the motion to reopen, I find that BANK was not prejudiced by the delay, and that debtors are otherwise entitled to the relief requested.

IT IS ORDERED that the motion of Security State Bank seeking relief from the court's order reopening Vaskes' chapter 7 bankruptcy case is denied.

IT IS ORDERED that the Vaskes' motion to avoid the lien of Security State Bank and Farm Credit Services in the farm equipment and implements claimed exempt is granted.  The nonpurchase money, nonpossessory liens of the creditors are avoided.  Judgment shall enter accordingly.

DATED AND ENTERED
March 20, 2006

William L. Edmonds, Bankruptcy Judge